Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street - 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Co-counsel for Plaintiff*

Joseph Jeziorkowski, Esq. (JJ 9190)
VALIANT LAW
75 S. Broadway – Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
*Co-counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARY C. ALTIERI,<br><br>      Plaintiff,<br><br> -against-<br><br>GOTHAM DIAGNOSTIC IMAGING, P.C., *dba*<br>3T OPEN IMAGING OF WESTCHESTER, *and*<br>MICHAEL B. SINGER, M.D., *and*<br>ANTHONY ALAIMO, *individually*,<br><br>      Defendants. | Case No.: 22 CV 7914<br><br>**COMPLAINT IN<br>AN FLSA ACTION**<br><br>ECF CASE<br><br>Jury Trial Demanded |

   Plaintiff, Gary C. Altieri ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC and Valiant Law, respectfully files this Complaint against Defendants, Gotham Diagnostic Imaging., P.C., *doing business as* 3T Open Imaging of Westchester, (herein, "3T Open Imaging of Westchester"), and Michael B. Singer, M.D., and Anthony Alaimo, individually (all defendants collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; (4) compensatory and punitive damages for illegal retaliation; and (5) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest; (4) compensatory and punitive damages for illegal retaliation; and, (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.  Plaintiff is an adult resident of Westchester County, New York.

6.  Upon information and belief, Defendant, Gotham Diagnostic Imaging, P.C., was and is a professional corporation, existing under the laws of the State of New York, with a principal place of business located at 1915-25 Central Park Avenue, Yonkers, New York 10710, operating to the general public under the *dba* "3T Imaging of Westchester".

7.  Upon information and belief, Defendant, Michael B. Singer, M.D., is an owner, official, officer, director and/or managing agent of 3T Imaging of Westchester, whose address is

unknown at this time and who participated and continues to participate in the day-to-day operations of 3T Imaging of Westchester, and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 3T Imaging of Westchester.

8. Upon information and belief, Defendant, Anthony Alaimo, is an owner, official, officer, director and/or managing agent of 3T Imaging of Westchester, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of 3T Imaging of Westchester, and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with 3T Imaging of Westchester.

9. Plaintiff is and has been employed by Defendants 3T Imaging of Westchester, Michael B. Singer, M.D., and Anthony Alaimo, in Yonkers, New York (Westchester County), as a non-exempt staff MRI and CAT Scan technologist, beginning in or about 2016, and continuously through the present.

10. At all relevant times, Gotham Diagnostic Imaging, P.C., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times relevant to this litigation, Defendants, jointly, were Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

12. At all relevant times the work performed by Plaintiff was directly essential to the medical practice and business operated by 3T Imaging of Westchester.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages, in contravention of the FLSA and New York Labor Law.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In or about 2016, Plaintiff, Gary C. Altieri, was hired by Defendants to work as a CAT Scan and MRI technologist, for Defendants' medical practice, known as "3T Imaging of Westchester".

16. Plaintiff, Gary C. Altieri, has worked for the Defendants beginning in 2016, continuously through the present.

17. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Beginning in late December 2018, Plaintiff generally worked approximately forty-five (45) to fifty (50) hours per week. At times relevant to this lawsuit, Plaintiff was paid bi-weekly, for all hours worked, in the amount of fifty-four dollars ($54.00). In 2019 and 2020, Plaintiff was paid "straight time" for all hours worked; he did not receive an overtime premium for time worked above forty (40) each week. Beginning in February 2021, Plaintiff was paid sixty-five dollars ($65.00) per hour for overtime (hours in excess of forty (40) per week), which was still less than time and a half his regular hourly rate of pay.

18. During Plaintiff's employment, he was paid by check. Plaintiff was not paid for all time worked, and work performed above forty (40) hours per week was not paid at time and one-half the plaintiff's regular rate, as required by law.

19. Plaintiff's weekly working hours were not itemized on his bi-weekly wage statement.

20. Plaintiff did not receive annual wage notices required by New York State regulations. He was improperly classified as an "exempt" employee.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

22. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM
## COUNT I
### [Violation of the Fair Labor Standards Act]

23. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "22" of this Complaint as if fully set forth herein.

24. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. Plaintiff himself is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all relevant times throughout Plaintiff's employment, Defendants had annual gross revenues in excess of $500,000.

28. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

30. Plaintiff did in fact work over forty (40) hours per week, most weeks during his employment.

31. Plaintiff typically worked approximately forty-five (45) or more hours per week; he was required to record his hours, each day.

32. Upon information and belief, the defendants' time keeping system rounded plaintiff's time down, depriving him of compensation for time spent working.

33. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess forty (40) per week.

34. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked when they knew or should have known such was due and that non-payment of such would financially injury Plaintiff.

35. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff sufficient to determine his hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

36. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

40. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

41. Defendant, Michael B. Singer, M.D., is an individual who, upon information and belief, manages 3T Imaging of Westchester, and controls all business decisions at Defendant 3T Imaging of Westchester, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Mr. Aimetti, were required to work.

42. Defendant, Anthony Alaimo, is an individual who, upon information and belief, manages 3T Imaging of Westchester, and controls all business decisions at Defendant 3T Imaging of Westchester, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Mr. Altieri, were required to work.

43. At all relevant times herein, Plaintiff performed his duties for 3T Imaging of Westchester under the direction and control of both individual defendants, Michael B. Singer, M.D., and Anthony Alaimo.

44. At all relevant times herein, both defendants, Michael B. Singer, M.D., and Anthony Alaimo, had authority to make, and in fact made, decisions as to hiring, firing, and as to wages, and each acted as Plaintiff's employer as such term is used for purposes of the FLSA.

## COUNT II
### [Violation of the New York Labor Law]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

47. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

48. Defendants knowingly and falsely, provided Plaintiff with a paystub accurately accounting for his actual hours worked on a weekly basis.

49. Defendants willfully disregarded and purposefully evaded overtime compensation requirements of the New York Labor Law by improperly paying straight time and when he complained, reduced his hours.

50. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

53. Plaintiff was not provided with a proper wage notice as required by law.

54. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## COUNT IV
### [Retaliation Under The Fair Labor Standards Act]

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of Complaint as if fully set forth herein.

56. Defendants retaliated against Plaintiff by reducing his hours soon after he complained about non-payment of overtime compensation.

57. The unlawful conduct resulted in loss of income to Plaintiff.

58. Defendants' actions constitute unlawful retaliation, and if countenanced, such actions would have a chilling effect on the assertion by employees of their federal rights under the FLSA.

59. Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3).

60. Plaintiff suffered economic damages as a result of Defendants' retaliatory and unlawful conduct.

61. Due to Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages for Defendants' willful disregard

for Plaintiff's rights. Further, Plaintiff is entitled to attorneys' fees, costs, interest, and such further relief as the court deems appropriate.

## COUNT V
### [Retaliation Under New York Labor Law]

62. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. Defendants retaliated against Plaintiff by reducing his hours soon after he complained about non-payment of overtime compensation.

64. As a result, Defendants' actions constitute retaliatory actions that would have a chilling effect on the assertion by employees of their rights under the New York Labor Law.

65. Plaintiff suffered economic damages as a result of Defendants' retaliatory and unlawful conduct.

66. Due to Defendants' unlawful retaliation under the New York Labor Law, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages for Defendants' willful disregard for Plaintiffs' rights. Further, Plaintiff is entitled to attorneys' fees, costs, interest, and such further relief as the Court deems appropriate.

## COUNT VI
### [Violation of New York Labor Law – Failure to Pay Timely Wages]

67. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68. The timely payment of wages provision of New York Labor Law § 191 and its supporting regulations apply to Defendants and protect Plaintiff from untimely payment of wages.

69. Defendants failed to pay Plaintiff on a timely basis as required by New York Labor Law § 191(1)(a).

70. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants the amount of his untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest as provided for by New York Labor Law § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gary C. Altieri, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to the New York Labor Law;

(e) An award of liquidated damages as a result of Defendants' willful failure to pay timely wages, pursuant to New York Labor Law § 191(1)(a).

(f) An award of compensatory and punitive damages associated with unlawful retaliatory acts of reducing the employment hours and ultimately terminating the employment of plaintiff;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses of this action with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
September 15, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Co-counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: /s/ Peter Hans Cooper
_____
Peter H. Cooper

VALIANT LAW
**Co-counsel for Plaintiff**
75 S. Broadway – Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
E-mail : jjj@valiantlaw.com

By: /s/ Joseph Jeziorkowski
_____
Joseph Jeziorkowski, Esq.

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To: Michael B. Singer, M.D.
Anthony Alaimo

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Gary C. Altieri intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Gotham Diagnostic Imaging, P.C., for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employees of said professional corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and has expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
September 15, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Co-counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, New York 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: /s/ Peter Hans Cooper
_____
Peter H. Cooper

VALIANT LAW
**Co-counsel for Plaintiff**
75 S. Broadway – Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
E-mail : jjj@valiantlaw.com

By: /s/ Joseph Jeziorkowski
_____
Joseph Jeziorkowski, Esq.

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Gary C. Altieri, am an individual currently employed by Gotham Diagnostic Imaging, P.C. I consent to be a plaintiff in the above-captioned action to collect unpaid wages and overtime compensation.

Dated: New York, New York
September 15, 2022

_____
Gary C. Altieri